UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANEAL JUSMAN IRONS,

    Plaintiff,

v.                                Case No: 2:17-cv-561-FtM-29UAM

MIKE CARROLL, Secretary, Florida Department of Children and Families, DONALD SAWYER, Florida Civil Commitment Center Administrator, REBECCA JACKSON, Dr. Florida Civil Commitment Center Clinical Director, MELINDA MASTERS, Assistant Clinical Director, CHRIS CATRON, Security Director, RICK MCCAULEY, Clinician, and SERENA WILLIAMS, Clinical Team Leader,

    Defendants.

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Secretary of the Department of Corrections, Mike Carroll, Doc. #29), filed on July 23, 2018. Plaintiff filed a Motion to Suspend Defendant Carroll's Motion to Dismiss (Doc. #40) on August 7, 2018.

## I. Background

Plaintiff is a civil detainee at the Florida Civil Commitment Center (FCCC) located in Arcadia, Florida.[1] Plaintiff initiated this case by filing a civil rights complaint (Doc. #1) pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint consists of grievances he made against the Defendants in the case. Plaintiff makes no factual allegations against Secretary Carroll other than to list him in the style of the case, and as a defendant on page three. Otherwise Plaintiff states the he wrote a letter to DCF but does not state he addressed the letter to Secretary Carroll.

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

---

[1] The Florida legislature enacted the Sexually Violent Predators Act, Florida Statute §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purposes "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).

judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-

defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 544. And there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III. Discussion

Plaintiff makes no specific allegations against Secretary Carroll in his Complaint. In his Response to the Motion to Dismiss (Doc. #40), Plaintiff concludes that Secretary Carroll is responsible for the Constitutional violations against him because he is responsible for all the employees at DCF and the FCCC. Plaintiff alleges that nothing was done to protect him at the FCCC and that Secretary Carroll was ultimately responsible for the actions of the FCCC staff in his position as Secretary of DCF. It appears Plaintiff is attempting to bring claims against Secretary Carroll based upon his supervisory role over DCF.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

respondeat superior or vicarious liability." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (quoting West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)). To maintain a claim against a supervisory defendant, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights; (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights; (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it; or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. See West, 496 F.3d at 1328–29 (listing factors in context of summary judgment). A supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836–37 (11th Cir. 1990).

Plaintiff's Complaint is devoid of any set of facts that demonstrate that Secretary Carroll was personally involved in the alleged violation of his constitutional rights. Nor are there any facts that would suggest the existence of a custom, policy, or practice that violated Plaintiff's constitutional rights. There are also no allegations that Secretary Carroll directed the other Defendants to violate Plaintiff's Constitutional rights. Finally, there is no allegation of a history of widespread abuse that put

Secretary Carroll on notice of any alleged constitutional deprivations against the Plaintiff by members of the FCCC staff. Consequently, there is no constitutional violation against Secretary Carroll in his supervisory role as Secretary of DCF.

To the extent Plaintiff attempts to bring a procedural due process claim asserting that his FCCC grievance sent to DCF was not handled properly by Secretary Carroll, Plaintiff fails to state a claim. Plaintiff does not state that Secretary Carroll reviewed or denied his grievance. Instead, another official at DCF reviewed and responded to Plaintiff's grievance. The Eleventh Circuit Court of Appeals has held: "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.... A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Simply put, an FCCC official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance

is not actionable under § 1983. Therefore, any attempt to say that Secretary Carroll violated Plaintiff's Constitutional rights regarding FCCC grievance procedures do not give rise to a stand-alone claim under § 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Accepting Plaintiff's allegations as true and giving him the benefit of all legitimate inferences as required at the motion to dismiss stage of review, the Court finds Plaintiff's Complaint fails to make a claim against Secretary Carroll.

Further the Court concludes that "a more carefully drafted complaint" could not state a claim. As a general rule, a pro se plaintiff, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under Bank: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile. Johnson v. Boyd, 568 F. App'x 719, 723 (11th Cir. 2014) (citing Bank, 928 F.2d at 1112). As to the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to

amend the complaint. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). As to the second exception, where the issue of futility is close, we err on the side of generosity to the plaintiff. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003).

Although no allegations are made against Secretary Carroll in his Complaint, Plaintiff's response suggests that Secretary Carroll is liable for unspecified constitutional violations because of his position as Secretary of DCF. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Barr, 437 F. App'x at 875. Plaintiff makes no allegations that Secretary Carroll was directly involved in denying his constitutional rights, and his Response indicates that his only claim against Secretary Carroll is based upon respondeat superior due to his role as director of DCF. As such, amending his Complaint against Secretary Carroll would be futile.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Secretary of the Department of Corrections Mike Carroll (Doc. #29) is **GRANTED.**

2. Plaintiff's Complaint against Secretary Carroll is **DISMISSED with prejudice.**

3. Plaintiff filed a Motion to Suspend Defendant Carroll's Motion to Dismiss (Doc. #40) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of February 2019.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2